12694

HALEY v. NOX-GLARE SHIELD CO., ET AL.

(148 S. E., 718)

*Messrs. Williams, Williams & Henry,* for appellant,

*Mr. James E. Taylor,* for respondent,

July 1, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Mauldin, dissolving an attachment sued out by the plaintiff against the property of the defendant Irwin, a non-resident of the State of South Carolina.

The ground upon which the attachment was dissolved will be better understood by a statement of the cause of action alleged in the plaintiff's complaint.

It appears that the plaintiff Haley owned certain stock in the defendant corporation, Nox-Glare Shield Company, organized under the laws of South Carolina; he became personally liable by indorsement upon notes of the company to the extent of $4,000; he wished to be relieved of this obligation and entered into a written contract with the defendants on March 13, 1928, by which he transferred his stock in the corporation to Irwin, and assumed the obligation to procure a renewal of the notes of the company or to carry by his personal notes the indebtedness of the company to September 17, 1928. Upon their part the defendants agreed to retire the entire indebtedness of the company, thus relieving the plaintiff from his indorsement, by September 17, 1928, and in the meantime to make stipulated payments upon the indebtedness out of the sales of the shields. The defendant Irwin agreed to obtain a loan upon certain real estate owned by him and to apply all in excess of $5,000 to the debts of the company. He further agreed to apply the proceeds of the sales of certain lots, in excess of the mortgage upon them to the debts.

The plaintiff alleges that he transferred his stock to Irwin as he had agreed, and by reason of the defaults of Irwin and the company he has been compelled to pay upon the debts over $4,000; that Irwin procured a loan of $6,000 on his property and has refused to apply the excess over $5,000 to the debts as he had agreed and has sold off lots without applying the proceeds to the debts as he had agreed.

The attachment was dissolved upon the ground: "It is not shown in plaintiff's complaint that he is the owner and holder of said notes or note and such fact is. not shown in the affidavit in the cause of action."

The plaintiff was not suing upon the notes (we assume the notes referred to were those taken up by the plaintiff); he was suing for damages for the breach of the contract by which he transferred his stock to Irwin upon consideration that he fulfill the obligations assumed by him. We think that the complaint stated a good cause of action, and that it was error to dissolve the attachment.

The judgment of this Court is that the order appealed from be reversed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.